# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

E.T.; K.R.; C.B.; G.S.; FRANK
DOUGHERTY, on Behalf of E.T.,
K.R., C.B. and G.S.,
                    *Plaintiffs-Appellants,*

                    v.

TANI CANTIL-SAKAUYE, Chair of the
Judicial Council of California, in
her official capacity; WILLIAM C.
VICKREY, Administrative Director
of the Administrative Office of the
Court of the Judicial Council, in
his official capacity; STEVEN W.
WHITE, Presiding Judge of the
Superior Court of the County of
Sacramento, in his official
capacity,
                    *Defendants-Appellees.*

No. 10-15248

D.C. No.
2:09-cv-01950-FCD-
DAD

ORDER AND
AMENDED
OPINION

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Senior District Judge, Presiding

Argued and Submitted
April 14, 2011—San Francisco, California

Filed September 13, 2011
Amended March 12, 2012

Before: Sidney R. Thomas and Johnnie B. Rawlinson, Circuit Judges, and Cormac J. Carney, District Judge.*

Per Curiam Opinion

---

*The Honorable Cormac J. Carney, District Judge for the U.S. District Court for Central California, Santa Ana, sitting by designation.

## COUNSEL

Edward Howard (argued), Children's Advocacy Institute, University of San Diego School of Law, San Diego, California; Peter E. Perkowski, Winston & Strawn, LLP, San Francisco, California, for the plaintiffs-appellants.

Robert A. Naeve, Jones Day, Irvine, California, for the defendants-appellees.

## ORDER

The panel has decided to amend the opinion filed September 13, 2011. The opinion is withdrawn and a substituted opinion is filed concurrently with this order.

With the filing of the amended opinion, the panel has voted to deny the petition for rehearing and to reject the petition for rehearing en banc.

The full court has been advised of the petition for rehearing en banc, and no judge of the court has requested a vote on the petition for rehearing en banc. Fed. R. App. P. 35(b).

The petition for rehearing is denied and the petition for rehearing en banc is rejected. No further petitions for rehearing will be entertained.

---

## OPINION

PER CURIAM:

Plaintiff foster children appeal the dismissal of their class action lawsuit under 42 U.S.C. § 1983, in which they allege that the caseloads of the Sacramento County Dependency Court and court-appointed attorneys are so excessive as to violate federal and state constitutional and statutory provisions. The district court abstained from adjudicating Plaintiffs' claims. Based on *O'Shea v. Littleton*, 414 U.S. 488 (1974), we affirm. *See Kaufman v. Kaye*, 466 F.3d 83, 84 (2d Cir. 2006).

## I

### A

Plaintiffs filed this action on behalf of themselves and a proposed class of roughly 5,100 foster children in Sacramento County.[1] They allege that "crushing and unlawful caseloads" frustrate the ability of Dependency Courts to fairly and adequately hear their cases and of court-appointed attorneys to provide them effective assistance of counsel—all to the childrens' "enduring harm." Their suit "seeks a Dependency

---

[1] For purposes of a motion to dismiss, we take the factual allegations in Plaintiffs' complaint as true. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010).

Court for Sacramento's abused and neglected children that comports with basic Due Process and the effective, adequate, and competent assistance of counsel for the children of Sacramento County in dependency proceedings."

In their complaint, Plaintiffs assert constitutional and statutory claims under 42 U.S.C. § 1983, as well as pendent state law claims.[2] They seek relief in the form of (1) a declaratory judgment that Defendants have violated, continue to violate, and/or will violate Plaintiffs' rights; (2) injunctive relief, restraining future violations of those rights; and (3) an order "mandating that Defendants provide the additional resources required to comply with the Judicial Council of California and the National Association of Counsel for Children's recommended caseloads for each court-appointed attorney."

Named plaintiffs E.T., K.R., C.B., and G.S. reside in the County of Sacramento and presently are in foster care or are wards of the court. Together, they allege numerous shortcomings of court-appointed counsel, including the failure to conduct meaningful interviews or regular meetings, investigate their cases, and foster contact with social workers and other professionals.

---

[2]Specifically, Plaintiffs assert federal claims under § 1983 arising out of alleged (1) procedural and substantive due process violations from excessive attorney caseloads, and procedural due process violations from excessive judicial caseloads; (2) deprivation of rights under the Federal Child Welfare Act, 42 U.S.C. § 671(a)(22); and (3) deprivation of rights under the Child Abuse Prevention and Treatment and Adoption Reform Act, 42 U.S.C. § 5106a(b)(2)(A)(xiii). Plaintiffs also assert state law claims arising out of alleged (1) violations of the inalienable right to pursue and obtain safety set forth in Article I, § 1 of the California Constitution for failure to provide fair and adequate tribunals and effective legal counsel; (2) violation of due process as guaranteed in Article I, § 7 of the California Constitution for failure to provide adequate and effective legal representation in dependency proceedings; (3) violation of Welfare and Institutions Code § 317(c); and (4) violation of Welfare and Institutions Code § 317.5(b).

Each named Defendant plays a part in administering the County's foster care courts. The Honorable Tani Cantil-Sakauye, Chief Justice of California, is Chair of the Judicial Council of California. The Judicial Council oversees the state-wide administration of justice in the state's courts. As Chair, the Chief Justice directs the Council's work, including its allocation of the judicial branch budget; promulgation of rules of court administration and procedure; and setting of priorities for the system's continual improvement. William C. Vickrey is Administrative Director of the Administrative Office of the Courts ("AOC"), the staff agency of the Council responsible for a variety of programs and services to improve access to a fair and impartial judicial system. The AOC's initiatives include Dependency Representation, Administration, Funding, and Training ("DRAFT"), a program to provide court funding to participating California counties. DRAFT funds pay for childrens' court-appointed counsel in Sacramento County Dependency Court. Finally, the Honorable Steven W. White is Presiding Judge of the Superior Court of the County of Sacramento. In that capacity, Judge White's responsibilities include allocating resources within the court and assigning judges to departments, such as the county's Dependency Court.

**B**

On Defendants' motion, the district court dismissed Plaintiffs' complaint on abstention grounds. *E.T. v. George*, 681 F. Supp. 2d 1151 (E.D. Cal. 2010). The court concluded that both *O'Shea*, 414 U.S. at 501-02, and *Younger v. Harris*, 401 U.S. 37 (1971), require a federal court to abstain from adjudicating Plaintiffs' claims. *E.T.*, 681 F. Supp. 2d at 1167-68, 1178-79. Plaintiffs timely appealed the district court's judgment only insofar as it dismissed their attorney caseload claims and related request for declaratory relief. We have jurisdiction under 28 U.S.C. § 1291.[3]

---

[3]The parties disagree about the standard of review applicable to the district court's decision to equitably abstain under *O'Shea* and its progeny.

## II

**[1]** Federal courts may not entertain actions that seek to impose "an ongoing federal audit of state . . . proceedings." *O'Shea*, 414 U.S. at 500; *see also id.* (warning against remedies "which would *indirectly* accomplish the kind of interference that *Younger* . . . and related cases sought to prevent" (emphasis added)); *Rizzo v. Goode*, 423 U.S. 362, 379-80 (1976); *Kaufman v. Kaye*, 466 F.3d at 86*; 31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003); *Joseph A. v. Ingram*, 275 F.3d 1253, 1271 (10th Cir. 2002); *Lucien v. Johnson*, 61 F.3d 573, 576 (7th Cir. 1995); *Parker v. Turner*, 626 F.2d 1, 7 (6th Cir. 1980); *Gardner v. Luckey*, 500 F.2d 712, 715 (5th Cir. 1974). "We should be very reluctant to grant relief that would entail heavy federal interference in such sensitive state activities as administration of the judicial system." *Los Angeles Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 703 (9th Cir. 1992) (citing *O'Shea*, 414 U.S. 488; *Rizzo*, 423 U.S. at 379)*; cf. Horne v. Flores*, ___U.S.___, 129 S. Ct. 2579, 2593 (2009) (noting "sensitive federalism concerns" raised by "institutional reform injunctions" and federal court decrees effectively "dictating state or local budget priorities").

**[2]** Heeding the teachings of *O'Shea* and cases since, the district court properly concluded that "[P]laintiffs' challenges to the juvenile dependency court system necessarily require the court to intrude upon the state's administration of its government, and more specifically, its court system." *E.T.*, 681 F. Supp. 2d at 1164. Speaking to the Plaintiffs' attorney caseload claims, the court reasoned that

We need not resolve the dispute today, because whether we review the district court's ruling *de novo* or for an abuse of discretion, our conclusion remains the same. *See, e.g.*, *United States v. Wunsch*, 84 F.3d 1110, 1114 (9th Cir. 1996) ("We need not decide what the appropriate standard of review should be in the instant appeal . . . because we would reach the same result regardless of which one were applied.").

in order to declare the current attorney caseloads unconstitutional or unlawful, the court would necessarily have to consider through a generalized inquiry how many cases are constitutionally and/or statutorily permissible, whether some types of cases require more investigation or preparation, which types of those cases deserve more resources, and how much time or attention is constitutionally and/or statutorily permissible.

*Id.* at 1165.

In asking us to reverse the district court's judgment, Plaintiffs rely on our decision in *Los Angeles Cnty. Bar Ass'n*. There, a county bar association brought a facial challenge to the constitutionality of a state statute prescribing the number of judges on the county's superior court. 979 F.2d at 699. The association sought a declaration that the statute violated federal and state constitutional guarantees—it argued that a shortage of judges caused delays in civil litigation, depriving litigants of access to courts, and that the statute denied local litigants equal protection because it forced them to suffer longer delays than litigants in neighboring counties. *Id.* at 699-700. We rejected the defendants' suggestion that a federal court should abstain under the principles of *O'Shea* and *Rizzo*. *Id.* at 701-04. Here, because Plaintiffs seek only declaratory relief on appeal, they believe their challenge to average attorney caseloads resembles the average court delays claim at issue in *Los Angeles County Bar Ass'n*. We disagree.

[3] *Los Angeles County Bar Ass'n* is distinguishable from the case at bar. It involved average court delays and the 'speedy civil litigation right,' *id.* at 703, which the Plaintiffs allege would be solved by a simple increase in the number of judges. This case involves average attorney caseloads and the right to counsel. Because the question is one of adequacy of representation, potential remediation might involve examination of the administration of a substantial number of individual cases. Thus, we conclude that the declaratory relief sought by Plaintiffs would amount to an ongoing federal audit of

Sacramento County Dependency Court proceedings, requiring abstention under *O'Shea*. *See Samuels v. Mackell*, 401 U.S. 66, 72-73 (1971) (noting that claims for declaratory relief can be just as intrusive as claims for injunctive relief); *Gilbertson v. Albright*, 381 F.3d 965, 977 (9th Cir. 2004) (en banc) (same); *see also O'Shea*, 414 U.S. at 500; *Parker*, 626 F.2d at 7 ("When the state agency in question is a state court . . . the equitable restraint considerations appear to be nearly absolute.").

We decline Plaintiffs' invitation to consider in isolation their (now-narrowed) request for relief, as though reaching the merits of their declaratory judgment claims would end the matter. For "even the limited decree[ ]" sought here "would inevitably set up the precise basis for *future intervention* condemned in *O'Shea*." *Luckey v. Miller*, 976 F.2d 673, 679 (11th Cir. 1992) (per curiam) (emphasis added). In other words, were we to declare the current Dependency Court attorney caseloads unconstitutional or unlawful, the Defendants' compliance with that remedy and its effect in individual cases could be subject to further challenges in federal district court. *See Samuels*, 401 U.S. at 72; *Kaufman*, 466 F.3d at 87. "[L]aying the groundwork for a future request for more detailed relief which would violate the comity principles expressed in *Younger* and *O'Shea* is the precise exercise forbidden under the abstention doctrine." *Luckey*, 976 F.2d at 679; *O'Shea*, 414 U.S. at 500-501; *accord Kaufman*, 466 F.3d at 87 (noting that later challenges to compliance with the federal court remedy requested "would inevitably lead to precisely the kind of 'piecemeal interruptions of . . . state proceedings' condemned in *O'Shea*").

## III

**[4]** We conclude that the district court properly abstained from consideration of the claims Plaintiffs raise here, and we therefore affirm the dismissal of their complaint.