**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALASKA PRETRIAL DETAINEES FOR THE END OF UNWARRANTED COURTROOM SHACKLING, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> CHRISTINE JOHNSON, Alaska Court System Admin. Director and WALT MONEGAN, Alaska Dept. of Pub. Safety Comm'r, <br><br> Defendants-Appellees. | No. 18-35401 <br><br> D.C. No. 3:17-cv-00226-SLG <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Argued and Submitted December 5, 2018
Seattle, Washington

Before: W. FLETCHER, BYBEE, and WATFORD, Circuit Judges.

Alaska Pretrial Detainees for the End of Unwarranted Courtroom Shackling

appeals from the district court's denial of its motion for a preliminary injunction.

The association requested an injunction that would prohibit the defendants, who

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

are responsible for security in Alaska's courtrooms, from shackling pretrial detainees in any manner absent an individualized judicial determination of necessity, and from shackling detainees to each other under any circumstances. The district court denied the motion based on the abstention doctrine from *O'Shea v. Littleton*, 414 U.S. 488 (1974). Though the applicable standard of review "remains unsettled," *Miles v. Wesley*, 801 F.3d 1060, 1063 (9th Cir. 2015), *O'Shea* abstention was proper in this case whether we review the district court's decision *de novo* or for an abuse of discretion.

*O'Shea* abstention "is appropriate where the relief sought would require the federal court to monitor the substance of individual cases on an ongoing basis to administer its judgment." *Courthouse News Serv. v. Planet*, 750 F.3d 776, 790 (9th Cir. 2014). In this case, Alaska Pretrial Detainees sought "an injunction aimed at controlling or preventing the occurrence of specific events that might take place in the course of future state criminal trials"—namely, shackling during pretrial proceedings. *O'Shea*, 414 U.S. at 500. If the district court issues the requested preliminary injunction, Alaska's pretrial detainees could plausibly bring instances of state-court non-compliance to the federal judiciary's attention. Thus, the requested relief would amount to a forbidden "ongoing federal audit of state criminal proceedings." *Id.*

Even if we accept Alaska Pretrial Detainees' late attempts to narrow the

injunction, the requested relief would nonetheless set up future intervention into state-court proceedings. *See E.T. v. Cantil-Sakauye*, 682 F.3d 1121, 1125 (9th Cir. 2012). In *E.T.*, we held that abstention was proper when faced with a claim that the heavy caseloads of court-appointed attorneys led to constitutionally inadequate assistance in state dependency court. *Id.* at 1124–25. That same concern with micromanaging state judges is present here. Each Alaska state court sets its own shackling policy, so "potential remediation might involve examination of the administration of a substantial number of individual cases." *Id.* at 1124. And what is appropriate for an urban courthouse may not be the same in a rural setting. We have not before, and do not now, "condone federal interference in a state court system's determination of where, when, and how different types of cases should be heard, or how to allocate its staff and facilities." *Miles*, 801 F.3d at 1065.

Abstention is further supported by the "availability of other avenues of relief." *O'Shea*, 414 U.S. at 504. Alaska Pretrial Detainees' members may seek interlocutory review of important claims "that might otherwise evade review." Alaska R. App. P. 402. We assume that state appellate procedures "will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 15 (1987). No member of Alaska Pretrial Detainees has presented these claims in state court, nor has Alaska Rule of Appellate Procedure 402 been shown to be a futile route for appellate review.

Because *O'Shea* requires the outright dismissal of Alaska Pretrial Detainees' constitutional claims, we do not reach the merits of the motion for a preliminary injunction. We remand to the district court with instructions to dismiss those claims.

**REMANDED.**

The parties shall bear their own costs on appeal.